Order Filed 7/28/2020

US Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:

BRYNESHA ANNE GUILFORD,

    Debtor.

Case No. 20-11394 (JNP)

Chapter 13

## MEMORANDUM DECISION GRANTING, IN PART, AND DENYING, IN PART, MOTION TO CONFIRM THAT THE AUTOMATIC STAY HAS EXPIRED

**JERROLD N. POSLUSNY, JR., U.S. Bankruptcy Judge**

    UMH Fairview Manor, LLC ("UMH"), filed a motion to confirm that the automatic stay has expired (the "Motion") regarding its ground lease with Brynesha Guilford ("Debtor"). Debtor is the owner of a mobile home that is situated on the land that is subject to the ground lease and opposes the Motion. The primary issue before the Court is whether the automatic stay terminated as to the Debtor and property of the estate, or only as to the Debtor. For the following reasons, the Motion is granted, in part, and denied, in part. The automatic stay expired as to Debtor; but remains in place as to property of the estate.

### Jurisdiction

    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(G).

### Background

    Debtor owns a mobile home, which sits on land she leases from UMH. Dkt. No. 36. The Debtor filed bankruptcy on January 29, 2020 (the "Petition Date"). This case was filed within one year of dismissal of another case of the Debtor, therefore the provisions of section 362(c)(3) of the Bankruptcy Code apply. At a hearing on May 5, 2020, the Court requested that the parties submit supplemental briefs addressing the applicability of U.S. Bank Nat'l Ass'n v. Mortimore (In re

Mortimore), 2011 WL 6717680 (D.N.J. 2011). The Court heard additional arguments on June 2. At the June 2 hearing, the parties reiterated the arguments in their briefs and both parties confirmed that Debtor's mobile home and other personal property are located at the leased premises.

Relying upon section 362(c) of the Bankruptcy Code, UMH argues that the automatic stay terminated thirty days after the Petition Date because Debtor failed to file a motion to extend the stay. Dkt. No. 36. In UMH's supplemental brief, it asserts that Debtor has made multiple bankruptcy filings to avoid eviction cases filed by UMH. Id. UMH argues that since the stay was not extended and the ground lease is property of Debtor (not property of the estate), the automatic stay terminated. Id.

Debtor relies on Mortimore, arguing that the automatic stay continues as to property of the estate, and that the lease falls into that category. Dkt. No. 35. Debtor also argues that the result that UMH is suggesting would not be equitable. Id. Debtor additionally argues that the Court should consider that Debtor was self-represented when she filed the first bankruptcy case and this case. Id.

### Discussion

As noted above, the issue before the Court is whether the automatic stay terminated as to Debtor and property of the estate. In considering the issue, the Court examines whether Mortimore should apply to the facts of this case and concludes that, while Mortimore addresses the applicability of Section 362(c)(3) to a mortgage foreclosure, the basis for that decision applies equally to leases.

When interpreting the plain language of section 362(c)(3)(A), the District Court determined that when a debtor files a bankruptcy within one-year of a previous case being dismissed, the automatic stay expires as to the debtor and the property of the debtor, but not as to the property of the estate. In reaching that conclusion, the District Court reviewed the language of

2

the Bankruptcy Code and concluded that under section 362(c)(3) the stay only ended as to the debtor after thirty days after the petition date but remained in place as to property of the estate. Mortimore, 2011 WL 6717680, at *3. UMH argues that the Court should reach a different conclusion here because a lease is at issue rather than a security interest.

The Court begins its inquiry by reviewing the language of the statute. See Good Samaritan Hosp. v. Shalala, 508 U.S. 402, 409 (1993). Moreover, "[c]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, the first canon is also the last: 'judicial inquiry is complete.'" Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). Finally, when the language of the statute is plain, the court's sole function is to enforce the statute. See Mortimore, 2011 WL 6717680, at *2 (quoting Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000); United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989))).

Therefore, the Court begins by reviewing section 362(c)(3) of the Bankruptcy Code, which provides:

> [I]f a single or joint case is filed by, or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the proceeding 1-year period but was dismissed . . .
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or <u>with respect to any lease shall terminate with respect to the debtor</u> on the 30th day after the filing of the later case;

11 U.S.C. § 362(c)(3) (emphasis added). Section 362(c)(3)(B) allows a party in interest to file a motion within that thirty-day period to extend the stay beyond thirty days. See id. § 362(c)(3)(B).

In Mortimore, the court analyzed these provisions and concluded that the stay terminates only with respect to the debtor, but not as to property of the debtor's estate. See Mortimore, 2011

3

WL 6717680, at *3-4 (quoting In re Williams, 346 B.R. 361, 367 (Bankr. E.D. Pa. 2006) and collecting cases). Further, Mortimore noted that if Congress had intended for the stay to completely terminate it could have deleted the phrase "with respect to the debtor," or used language found in other subsections of section 362. See Mortimore, 2011 WL 6717680, at *4.

> Section 362(c)(4), for example, which was promulgated at the same time as § 362(c)(3), terminates all protections of the automatic stay with respect to debtors who have filed two or more prior cases in the previous year. That provision states: "the stay under subsection (a) shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i).

Id. (emphasis original). The court also explained that Congress has shown the ability to distinguish between a debtor, a debtor's property, and property of the estate, and that Congress has balanced those competing interests in section 362(c)(3) of the Bankruptcy Code. Id. at *4 (citing Williams, 346 B.R. at 367).

UMH rests its argument on the distinction that, Mortimore considered the phrase "with respect to a debt or property securing such debt," while the applicable phrase in this case "with respect to any lease." However, this argument misinterprets the analysis in Mortimore. The relevant language for both this case and Mortimore under section 362(c)(3) is that the stay "shall terminate with respect to the debtor," in contrast to the language of section 362(c)(4) which contains no such limiting language, and simply states the stay "shall not go into effect." 11 U.S.C. § 362(c)(3) and (4). This limiting language "with respect to the debtor," which Mortimore concluded indicates that Congress intended for the stay to terminate only as to the debtor and not to terminate altogether, is equally applicable to both the debt secured by property and to the lease portion of the section. Thus, while Mortimore considered section 362(c)(3) related to a secured creditor and this case is related to a lease, the applicable phrases of section 362(c)(3) are functionally the same.

4

The Court concludes that Mortimore is directly applicable and, although not binding on this Court, quite persuasive. As such, the stay expired as to Debtor thirty days after the Petition Date, but the stay did not expire as to property of the estate.

Section 541 of the Bankruptcy Code defines property of the estate broadly to include all the debtor's legal and equitable interests subject to certain limitations and exceptions not applicable in this case. 11 U.S.C. § 541. "Unexpired leases, like executory contracts, are included in the definition of "property of the estate" under section 541." In re Rickel Home Ctrs, Inc., 209 F.3d 291, 300 (3d Cir. 2000) (citing Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc., 141 F.3d 490, 497 (3d Cir.1998) (franchise agreement was executory contract and property of the estate); In re Arizona Appetito's Stores, Inc., 893 F.2d 216, 218 (9th Cir.1990) (leasehold interest is property of the estate if debtor is lessee at time petition is filed)). Moreover, there is other property of the estate located on the leased premises, including Debtor's mobile home and other personal property. Therefore, while the stay expired as to Debtor, it remains in place as to property of the estate, wherever located.

## Conclusion

The District Court's decision in Mortimore applies to this case. While the stay as to Debtor expired thirty days after the Petition Date, the stay remains in place as to property of the estate. Therefore, the Motion to confirm that the automatic stay has expired is granted, in part, and denied, in part. The stay has expired as to Debtor but not as to property of the estate.

Dated: July 28, 2020

JERROLD N. POSLUSNY, JR.
U.S. BANKRUPTCY COURT JUDGE